**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2758
_____

LUSBET ALTAMIRANO-GARCIA;
ZOYVER ALTAMIRANO-GARCIA,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review from the Board of Immigration Appeals
BIA Nos. A088-231-710 & A088-231-711
Immigration Judge: The Honorable Susan G. Roy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 12, 2011

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*

(Filed: July 18, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge*.

Lusbet Altamirano-Garcia and her younger brother, Zoyver Altamirano-Garcia,

allegedly entered this country illegally from Mexico in 1999 and 2004, respectively.

They each received a Notice to Appear in 2007, charging them with being removable

1

under 8 U.S.C. § 1182(a)(6)(A)(i) because they were citizens of Mexico who had neither been admitted nor paroled into the United States. After retaining counsel, Lusbet and Zoyver filed a motion to suppress the evidence regarding their alienage and to terminate the removal proceedings. The IJ concluded that Lusbet and Zoyver's immigration files contained sufficient evidence of their alienage. As a result, she denied the motion to suppress and found both Lusbet and Zoyver removable.

A timely notice of appeal to the BIA followed. The BIA agreed with the IJ's conclusion that Lusbet and Zoyver were "removable as charged without relying upon any information . . . discovered during the August 2007 arrest." Lusbet and Zoyver filed a timely petition for review. We exercise jurisdiction pursuant to 8 U.S.C. § 1252(a).

Lusbet and Zoyver contend that the IJ's decision cannot stand for several reasons, including that the government failed to meet its burden of proving their alienage. We agree. Section 212(a)(6)(A)(i) of the Immigration and Nationality Act provides that an "alien present in the United States without being admitted or paroled . . . is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i). "In the case of [an individual] charged as being in the United States without being admitted or paroled, the Service must first establish the alienage of [that individual]." 8 C.F.R. § 1240.8(c). Because the government bears the burden of proving Lusbet and Zoyver's alienage, it must do so "by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." *Woodby v. Immigration & Naturalization Serv.*, 85 U.S. 276, 286 (1966). *See also Sandoval-Vera v. Immigration & Naturalization Serv.*, 677 F.2d 792, 793 (9th Cir. 1982) (noting that the burden is on the government to show by "'clear, unequivocal, and

2

convincing evidence'" that the "subject of the [deportation] proceeding is an alien"). Yet the evidence in Lusbet and Zoyver's immigration files consists of two statements. The first statement was that Lusbet was from Mexico. The second indicated that their parents were currently in Mexico. Without more, neither statement is sufficient to establish that Lusbet and Zoyver are natives or citizens of Mexico. Accordingly, we will grant the petition for review and will remand this matter for further proceedings.